Natalie A. Landreth (*pro hac vice*)
Wesley James Furlong (MT Bar No. 42771409)
NATIVE AMERICAN RIGHTS FUND
745 West 4th Ave, Suite 502
Anchorage, AK 99501
Ph. (907) 276-0680
Fax (907) 276-2466
landreth@narf.org
wfurlong@narf.org

*Counsel for all Plaintiffs*
*Additional Counsel Listed on Signature Page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| ROSEBUD SIOUX TRIBE and FORT BELKNAP INDIAN COMMUNITY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity; and THOMAS J. SHANNON, JR., in his official capacity,<br><br>Defendants,<br><br>and<br><br>TRANSCANADA CORPORATION and TRANSCANADA KEYSTONE PIPELINE, LP,<br><br>Defendant-Intervenors. | Case No. 4:18-cv-00118-BMM<br><br><br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' AND DEFENDANT-INTERVENORS' MOTIONS TO DISMISS AS MOOT OR, IN THE ALTERNATIVE, FOR A STAY** |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. ii

INTRODUCTION ................................................................................... 1

BACKGROUND .................................................................................... 1

STANDARD OF REVIEW ....................................................................... 4

ARGUMENT ......................................................................................... 6

    I.    Defendants Tacitly Admit That the Tribes' Claims Are Not Moot and Case Law Requires Rejection of Their Motions. ................................................. 6

    II.   This Case Should Not Be Stayed ............................................................ 10

CONCLUSION ...................................................................................... 13

**INTRODUCTION**

Defendants and Intervenors moved to dismiss Rosebud Sioux Tribe's ("Rosebud") and Fort Belknap Indian Community's ("the Tribes") Complaint against the United States for unlawfully approving the Keystone XL Pipeline.  As will be shown, however, the Tribes' claims are not moot, and a stay is unwarranted; therefore, these motions should be denied.

**BACKGROUND**

On September 10, 2018, the Tribes filed their Complaint requesting declaratory and injunctive relief against the United States Department of State, the Secretary of State, and the Under Secretary of State. *See generally* Compl. (Dkt. No. 1). The Tribes filed suit to protect their drinking water, unique water delivery systems, treaty territory and rights, cultural resources, and historic properties, and to ensure that the environmental review process for the Keystone XL Pipeline properly considers the impacts the pipeline will have on these resources. *See* Dkt. No. 1.

Plaintiffs are sovereign Nations, and their claims are grounded on treaty obligations undertaken by the United States in government-to-government negotiations with the Tribes.  These treaties, beyond their independent weight, also inform claims based on specific statutory obligations under the Administrative Procedures Act ("APA"), the National Environmental Policy Act ("NEPA"), and the National Historic Preservation Act ("NHPA"). Dkt. No. 1, at 69-74.   Federal

obligations to the Tribes under those acts can be properly evaluated only in the context of the treaty obligations and trust responsibilities of the United States.

No sovereign Tribes are parties in *Indigenous Environmental Network v. Department of State* ("*IEN*"), Case No. 4:17-cv-0029 (D. Mont.), and *Northern Plains Resources Council v. Shannon* ("*NPRC*"), Case No. 4:17-cv-0031 (D. Mont.), and therefore no other party may make the Tribes' unique claims.  The Tribes' claim that Defendants violated the APA by reaching the exact opposite conclusion as the previous administration, on the same record, without any reasoned explanation is the only claim that overlaps with those in *NPRC*.  All the other claims are unique to the Tribes and to this case.

In fact, the Tribes are seeking intervention at the Ninth Circuit so that the one overlapping claim can be adjudicated at one time.[1] Otherwise, this Court and then the Ninth Circuit would have to adjudicate the same claim again.  Defendants, however, oppose the Tribes' intervention.[2] Defendants thus seek to foreclose the Tribes' ability to assert their claims completely in any court. This makes the present motion all the more untenable. The Tribes filed this separate case precisely because, with that limited exception, their claims and arguments are so different.

---

[1]  That motion was field on February 13, 2019, in Case No. 19-35099 (9th Cir.).

[2]  *See* Case No. 19-35099 (9th Cir.) (Dkt. No. 25, ID 11229169).

While the Tribes' Complaint seeks injunctive relief to set aside the permit issued by the Department of State to TransCanada, it also seeks declaratory relief based on Defendants' violations with respect to the Tribes' unique claims:  that Defendants violated the NEPA and the APA by failing to take a hard look at the "Pipeline's impacts on the Tribes' treaty and other rights, failing to take a hard look at the impacts from potential spills; and failing to analyze reasonable alternatives," Dkt. No. 1, at 74; that Defendants violated the NHPA and APA by failing to undertake any "Section 106 process when the Department received and reviewed TransCanada's third permit application," *id.*; that Defendants violated the NHPA and APA by failing to conduct adequate Section 106 consultation with the Tribes, and by failing to make reasonable and good faith efforts to identify historic properties when the Department received and reviewed the first and second permit applications. *Id.* at 75.   In addition, the Complaint is replete with references to the Tribes' treaty rights and the federal government's trust responsibility.  *See* Dkt. No. 1 at ¶¶ 234-63.  Indeed, in common with Indigenous peoples around the world, the Tribes have the right to uphold their responsibilities to future generations towards these lands and resources.  G.A. Res. 61/295, annex, Declaration on the Rights of Indigenous Peoples art. 25 (Sept. 13, 2007). The *NPRC* and *IEN* cases do not involve the NHPA at all, and plaintiffs in those cases do not—indeed, they cannot—set forth claims unique to the sovereign Tribes.

This Court has entered orders in the parallel cases. *See Indigenous Envtl. Network v. U.S. Dep't of State*, 2017 WL 5632435 (D. Mont. Nov. 22, 2017) (order denying motion to dismiss); *Indigenous Envtl. Network v. U.S. Dep't of State*, 317 F. Supp. 3d 1118 (D. Mont. 2018) (partial order on summary judgment). It has remanded for additional work on the environmental impact statement ("EIS") with regard to issues raised in both the *IEN* and *NPRC* cases. *See Indigenous Envtl. Network v. U.S. Dep't of State*, 347 F. Supp. 3d 561 (D. Mont. 2018) (order on summary judgement). Because of this action, Defendants and Intervenors argue that the Tribes' Complaint should be dismissed as moot, or in the alternative, stayed. Those arguments are meritless and should be rejected.

## STANDARD OF REVIEW

Defendants and Intervenors argue that the court has no jurisdiction because the lack of a case or controversy renders the case moot.  While a plaintiff has the initial burden to show standing at the commencement of litigation, the party raising mootness bears the burden to show mootness. *See All. for the Wild Rockies v. Marten*, 200 F. Supp. 3d 1129, 1130-31 (D. Mont. 2016) (citations omitted); *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189-90 (2000). This is a "heavy" burden. *Wild Wilderness v. Allen,* 871 F.3d 719, 724-25 (9th Cir. 2017) (because a case is not moot where any effective relief may be granted, "defendants in NEPA cases face a particularly heavy burden in establishing

mootness"); *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006).  Even if a case is moot with respect to injunctive relief, a court may retain jurisdiction over a claim for declaratory relief. *See Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008).  As the Tribes demonstrate, Defendants and Intervenors cannot meet their burden of proof to establish mootness.

Defendants and Intervenors also fail to make a case for a stay.  Before a court can grant a stay, it must weigh the competing interests that would be affected by a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

> Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110.

Defendants and Intervenors "must make out a clear case of hardship or inequity in being required to go forward[] if there is even a fair possibility that the stay for which [they] pray[] will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).  "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*  Stays are inappropriate when one party alleges continuing harm or seeks injunctive and declaratory relief.  *C.f. Lockyer*, 398 F.3d at 1110  (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962)); *Liberty*

5

*Corp. Capital Ltd. v. Animals of Mont., Inc.*, Case No. CV 14-54-BU-DWM-JCL, 2015 WL 12746049, at *2 (D. Mont. Mar. 3, 2015).

There is beyond a fair possibility of damage to the Tribes, and Defendants and Intervenors cannot show a clear case of hardship or inequity if a stay is granted. Therefore, the request for a stay should be denied.

## ARGUMENT

## I.   Defendants Tacitly Admit That the Tribes' Claims Are Not Moot, and Case Law Requires Rejection of Their Motions.

Defendants state, "[a]s a practical matter, moreover, *some of the claims* that Plaintiffs seek to litigate have already been addressed in the Court's summary judgment opinion." Defs.' Mem. Support Mot. Dismiss at 6 (Doc No. 38-1) (emphasis added).  They go on to state, "this Court has already resolved *many* of the same claims alleged in the Complaint and the State Department is in the process of addressing *those issues* on remand."  *Id*. at 7 (emphasis added).  While Defendants exaggerate the extent of overlap of the claims (*see* Background, *supra*), their admission that the Tribes' Complaint contains additional claims is fatal to their argument of mootness.  The case law bears this out.

The mootness doctrine asks "the basic question 'whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.'" *Flagstaff Med. Ctr., Inc. v. Sullivan*, 962 F.2d 879, 884 (9th Cir. 1992). In deciding whether a case is moot in this context, "the question

is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be *any* effective relief." *Wild Wilderness*, 871 F.3d at 724-25 (citations omitted).

A case thus becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (citation omitted); *see Mafnas v. Super. Ct. of N. Mar. I.*, 936 F.2d 1068, 1071 (9th Cir. 1991) (citations omitted). The Ninth Circuit has also held that where a request for injunctive relief has become moot, cases may proceed if declaratory relief is also requested and "a declaratory judgment would nevertheless provide effective relief." *Forest Guardians*, 450 F.3d at 462. Consequently, "as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Gomez*, 136 S. Ct. at 669 (citation omitted).

Partial relief in another proceeding cannot moot an action that legitimately seeks additional relief. *Flagstaff Med. Ctr.*, 962 F.2d at 885. A case is moot only if interim events have "*completely and irrevocably* eradicated the effects of" an allegedly improper ruling. *Wong v. Dep't of State*, 789 F.2d 1380, 1384 (9th Cir. 1986) (emphasis added). "The core question in mootness inquiry is whether granting a present determination of the issues offered will have some effect in the real world." *Copar Pumice Co. v. Tidwell*, 603 F.3d 780, 792 (10th Cir. 2010).   The

presence of additional claims in the Tribes' complaint forecloses a finding of mootness.

The cases cited by Defendants in support of their mootness argument highlight why the Tribes' claims here are *not* moot. *See* Dkt. No. 38-1, at 6 (citing *Aluminum Co. of Am. v. Bonneville Power Admin.*, 56 F.3d 1075, 1978 (9th Cir. 1995); *Idaho Dep't of Fish & Game v. Nat'l Marine Fisheries Serv.*, 56 F.3d 1071, 1075 (9th Cir. 1995); *cf. Gros Ventre Tribe v. United States*, 469 F.3d 801, 814 (9th Cir. 2006)).  In *Aluminum* and *Idaho*, the court was dealing with a record of decision ("ROD") that had expired, its factual underpinning had been superseded, and it had been replaced by a new, lengthier ROD that allowed time for review. *Aluminum*, 56 F.3d at 1074-75; *Idaho*, 56 F.3d at 1078. Thus, the exception for actions capable of repetition yet evading review was not necessary to consider. *Aluminum*, 56 F.3d at 1074-75; *Idaho*, 56 F.3d at 1078. Additionally, in *Gros Ventre*, the tribe could not challenge a vacated EIS and ROD because it was barred by the statute of limitations.

Here, the Department of State has not published a new ROD. And Defendants have not asserted that they would address the Tribes' issues on remand. They have asserted only that they will address those issues upon which this Court ruled against them in the parallel cases. This Court remanded the EIS back to the State Department to address four specific deficiencies in its analysis: (1) the effects of current oil prices on the pipeline's viability; (2) the cumulative effects of greenhouse gas emissions;

8

(3) impacts to cultural resources; and (4) updated spill modeling. *Inigenous Envtl. Network*, 34 F. Supp. 3d at 590. The Court's remand does not address *any* of the issues raised by the Tribes in their Complaint, including both their NEPA claims and their NHPA claims. A ruling on the Tribes' claims would have a real world impact: it would require Defendants on remand to address issues specifically identified by the Tribes in their Complaint. To be clear, *a majority* of the Tribes' claims are not present in the parallel cases. Thus, there is effective relief available to the Tribes, and their claims are not moot.

In addition, there are exceptions to the mootness doctrine. For example, courts have recognized an exception when there are "collateral legal consequences" if a case should be found moot. *See Pub. Utility Comm'n of Cal. v. Fed. Energy Regulator Comm'n*, 100 F.3d 1451, 1460 (9th Cir. 1996).  In this instance, the Tribes would be placed at severe disadvantage if the parallel case and its remand proceed in the Tribes' absence, without the Tribes' issues being addressed by any administrative process on remand.

Further, as noted above, Defendants and Intervenors have appealed this Court's rulings in *IEN* and *NPRC*, and oppose the Tribes' motion to intervene on appeal in that case. If this Court were to find that the Tribes' claims are moot, the Tribes may also be barred from addressing their claims with the Ninth Circuit, where a ruling could affect the overlapping claims.  Thus, there are collateral consequences

here should the Court find the Tribes' claims moot. Defendants are essentially trying to keep the Tribes out altogether: first by denying them intervention on the one overlapping claim; and second, by denying a forum for the rest of their claims by way of the present motion.

## II.    This Case Should Not Be Stayed.

The same reasons that demonstrate that the Tribes' claims are not moot also demonstrate that the case should not be stayed.  It would be a monumental waste of administrative and judicial resources to remand the EIS and not have the matters raised by the Tribes addressed at one time in the process.  Further, if the Tribes are not permitted to participate on appeal, they would also be barred from addressing their one overlapping claim with the other plaintiffs.   Thus, a stay would be inequitable in this instance, and it is essential for the Tribes' claims to go forward and be a part of any remand.  All of the cases proffered by Defendants in support of their argument lead to the conclusion that the stay should be denied.

For instance, Defendants cite *Clinton v. Jones*, 520 U.S. 681, 706 (1997), for the proposition that the Court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  Dkt. No. 38-1, at 9. Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Landis*, 299 U.S. at 254.  In exercising

discretion, courts are counseled to weigh competing interests: "[1] the possible damage which may result from the granting of the stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). Each of these factors favors allowing the Tribes' case to proceed.

The Tribes would be harmed by a stay if the Court's order in the related cases is upheld by the Ninth Circuit and they are remanded back to the State Department and the Tribes' claims are not addressed. This Court remanded the EIS back to the State Department to address four specific deficiencies in its analysis. The Court's remand does not address *any* of the issues raised by the Tribes in their Complaint, including both their NEPA claims and their NHPA claims. Significantly more effort will be required to address the Tribes' claims in the future if their resolution is stayed now during the remand. If the resolution of the Tribes' claims is stayed while Defendants address these other issues on remand, significantly more effort will be required to address the Tribes' issues in a future. The Tribes also face having their claims not addressed at all, while the non-Tribal plaintiffs get to proceed. The Tribes face factual as well as legal harm in that it is their drinking water, sacred places, lands, and treaty resources that are at stake. "[I]f there is even a fair possibility" that

11

the Tribes would suffer such harm, Defendants "must make out a clear case of hardship or inequity in going forward." *Landis*, 299 U.S. at 255.

Defendants' reliance on *Center for Biological Diversity v. Henson* is unavailing, and once again highlights the difference between a case where a stay is appropriate and this case where it is not.  2009 WL 1882827 (D. Ore. June 30, 2009). In that case, the defendants already were in the process of incorporating the precise evidence the plaintiff characterized as new into their ongoing, and soon-to-be-completed, study.  Here, by contrast, if the Tribes' claims are not heard, the remand will be utterly incomplete.

The harm to Defendants of moving forward is *de minimus*, as they already must consider new issues on remand; in fact, allowing the Tribes' claims to proceed might ultimately save Defendants' time and resources by allowing them to consider the issues raised in *IEN* and *NPRC* and those raised by the Tribes in the same remand. Further, TransCanada's request for a stay of the preliminary injunction pending appeal was denied by the Ninth Circuit, eliminating any notion that the injunction the Tribe's seek here would constitute a hardship to Defendants. *See* Case No. 18-36068 (9th Cir.) (Dkt. No. 28, ID 11229605). Finally, both judicial economy and administrative economy are served by teeing up all matters for remand.  Otherwise, great delay and duplication of effort will be the result.

**CONCLUSION**

The Tribes' claims are not moot and a stay is unwarranted.  Defendants are attempting to keep the Tribes out of the case involving the one overlapping claim at the Ninth Circuit, while also attempting to foreclose the Tribes here at the District Court. The end result is that no court hears the Tribes' claims. That is clearly unjust and not what the law requires. The Tribes have compelling claims with many real world impacts and they are the only ones who can bring these claims. They are entitled to have them heard. Defendants' and Intervenors' motions are baseless, especially considering the unique interplay of the two cases, and should be denied.

RESPECTFULLY SUBMITTED, this 27th day of March, 2019.

<div style="margin-left:40%">

/s/ *Wesley James Furlong*

Natalie A. Landreth (*pro hac vice*)
Wesley James Furlong (MT Bar. No. 42771409)
NATIVE AMERICAN RIGHTS FUND

Matthew L. Campbell (*pro hac vice*)
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Ph. (303) 447-8760
Fax (303) 443-7776
mcampbell@narf.org

Daniel D. Lewerenz (*pro hac vice*)
NATIVE AMERICAN RIGHTS FUND
1514 P Street, N.W. (rear), Suite D
Washington, D.C. 20005
Ph. (202) 785-4166
Fax (202) 822-0068

</div>

lewerenz@narf.org

*Counsel for all Plaintiffs*

Daniel D. Belcourt (MT Bar No. 3914)
BELCOURT LAW P.C.
120 Woodworth Avenue
Missoula, MT 59801
Ph. (406) 265-0934
Fax (406) 926-1041
danbelcourt@aol.com

*Counsel for Plaintiff Fort Belknap Indian Community*

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to Local Rule 1.5 and 7.1(d), that forgoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' AND INTERVENOR-DEFENDANT'S MOTIONS TO DISMISS AS MOOT OR, IN THE ALTERNATIVE, FOR A STAY** complies with: (1) the type-volume limitation of Local Rule 7.1(d)(2) because it contains 3,142 words, excluding the parts of the brief exempted by Local Rule 7.1(d)(2); and (2) complies with the typeface requirements of Local Rule 1.5 because it has been prepared in a proportionally spaced typeface using Word 2007, in 14-point Times New Roman font.

/s/ *Wesley James Furlong*_____
Wesley James Furlong (MT Bar. No. 42771409)
NATIVE AMERICAN RIGHTS FUND

15

## CERTIFICATE OF SERVICE

I hereby certify that on 27th Day of March, 2019, I electronically filed the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' AND INTERVENOR-DEFENDANT'S MOTIONS TO DISMISS AS MOOT OR, IN THE ALTERNATIVE, FOR A STAY** with the Clerk of the Court for the United States District Court for the District of Montana by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Wesley James Furlong*
Wesley James Furlong (MT Bar. No. 42771409)
NATIVE AMERICAN RIGHTS FUND