Natalie A. Landreth (*pro hac vice*)
Wesley James Furlong (MT Bar No. 42771409)
NATIVE AMERICAN RIGHTS FUND
745 West 4th Ave, Suite 502
Anchorage, AK 99501
Ph. (907) 276-0680
Fax (907) 276-2466
landreth@narf.org
wfurlong@narf.org

*Counsel for all Plaintiffs*
*Additional Counsel Listed on Signature Page*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ROSEBUD SIOUX TRIBE and FORT BELKNAP INDIAN COMMUNITY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity; and THOMAS A. SHANNON, JR., in his official capacity,<br><br>Defendants,<br><br>and<br><br>TRANSCANADA CORPORATION and TRANSCANADA KEYSTONE PIPELINE, LP,<br><br>Defendant-Intervenors. | Case No. 4:18-cv-00118-BMM<br><br><br><br><br><br>**OPPOSED MOTION TO FILE FIRST AMENDED COMPLAINT** |

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs Rosebud Sioux Tribe and Fort Belknap Indian Community respectfully move for leave to amend their Complaint to add seven new claims, and the facts in support thereof, based on the new permit purportedly issued by the President on March 29, 2019, *see* 84 Fed. Reg. 13,101 (Mar. 29, 2019), as well as recently discovered information and information uncovered during due diligence in support of the existing claims. In a separate filing, Plaintiffs request that the Court continue the briefing and oral argument regarding the United States' and TransCanada's pending Motions to Dismiss (Dkt. 48 & 50) until the Court has resolved this Motion to Amend.[1]

Rule 15 advises that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Indeed, a "pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)." 3 JAMES WM. MOORE, FEDERAL PRACTICE & PROCEDURE 15.14[1] (3d ed. 2003). As noted by the United States Supreme Court in interpreting Rule 15(a), the rule's declaration that leave to amend "shall be freely given when justice so

---

[1] Currently, the Tribes' opposition to Motions to Dismiss is due on May 15, 2019; the United States' and TransCanada's reply in support of Motions to Dismiss are due on May 31, 2019' and the hearing on the Motions to Dismiss is scheduled for June 12, 2019. (Dkt. 46).

requires" is a "mandate that is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In fact, "[t]he policy that a court should freely grant amendments limits a court's ability to deny leave to amend, and in a proper case, may warrant a finding of abuse of discretion in denying leave." 3 MOORE, FEDERAL PRACTICE AND PROCEDURE at 15.14[1].

Although it is within the sound discretion of the Court to grant or deny leave to amend, the Ninth Circuit has cautioned that in exercising this discretion, courts should be mindful of Rule 15's underlying purpose "to facilitate decisions on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). To determine the propriety of a motion to amend under this very liberal standard, courts generally examine four factors: bad faith, undue delay, prejudice to the opposing party, and futility of the amendment. *See Foman*, 371 U.S. at 182; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Foman* factors).

In analyzing these factors, the Ninth Circuit has held that courts may decline leave to amend for one of these reasons "only if there is strong evidence." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). While Plaintiffs address each factor in order below, it should be said at the outset that there is little, if any, evidence for any of these factors, much less "strong evidence."

With respect to the first factor, there can be no allegation of bad faith here, as the Complaint is being amended very early in the litigation to add seven claims and supporting information, some of which—such as the new presidential permit and the climate information—is itself new. Other information, such as the crossing of surface and mineral estates was extremely difficult to discern, in part because TransCanada has been very reluctant to make available the precise route for the pipeline. Thus, Plaintiffs had to perform this due diligence on their own. There is clearly no bad faith here.

So too, there can be no argument with respect to the second factor, "undue delay." The claims and supporting information are being added very early in the litigation, before any pleadings other than Rule 12 motions have been filed. Those motions can easily be re-filed should the court accept the Amended Complaint. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (noting that an amended complaint supersedes the original and moots a motion to dismiss aimed at the original complaint).

With respect to the third factor, the Ninth Circuit gives particular weight to the consideration of prejudice to the opposing party. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Prejudice is the touchstone of the inquiry under rule 15(a)."). "Absent prejudice, or a strong showing

...

of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1952 (italics in original). Defendants can show no prejudice should this Court grant leave to amend because none will follow. Defendants' own actions necessitated these amendments addressing their actions, and the remainder of the Amended Complaint is substantially similar to the original, save that new supporting information being added. All Defendants will have ample opportunity to challenge these claims in subsequent proceedings.

Even if Defendants could establish prejudice, which they cannot, the hardship on Plaintiffs, should this Motion be denied, far outweighs any inconvenience to the other parties. 6 WRIGHT, MILLER& KANE FEDERAL PRACTICE & PROCEDURE 1487 at 621(2d ed. 1990) (prejudice must be balanced against the hardship to the moving party if it is denied leave to amend). "Given the strong policy that a plaintiff ought to be afforded the opportunity to test his claim on the merits, the balance weighs in favor of allowing the amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. at 182). Should the motion be denied, Plaintiffs would have to file a new action for the new claims in the same court and then move to consolidate the two cases. This would create significant hardship and delay, and would adversely impact the efficient resolution of this case. Therefore, the balance tips sharply in favor of Plaintiffs.

The fourth and final factor is whether the amendment would be "an exercise in futility." *See e.g., Hoang v. Bank of Am.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). This is directed at claims that are barred by the statute of limitations, for example, and cannot otherwise stand as a matter of law. *Id.* There are no such concerns here.

Counsel for Plaintiffs attempted to confer with counsel for the United States and TransCanada regarding this Motion. The United States and TransCanada did not provide a response to whether the opposed the Motion and instead requested further details about the nature of the amendments.

For the foregoing reasons, and because justice clearly requires in large part due to the President's issuance of a new permit after the start of litigation, Plaintiffs respectfully request that they be permitted to file the First Amended Complaint filed herewith.

RESPECTFULLY SUBMITTED this 23rd day of April 2019.

/s/ *Wesley James Furlong*
Natalie A. Landreth (*pro hac vice*)
Wesley James Furlong (MT Bar No. 42771409)
NATIVE AMERICAN RIGHTS FUND

Matthew L. Campbell (*pro hac vice*)
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Ph. (303) 447-8760
Fax (303) 443-7776
mcampbell@narf.org

Daniel D. Lewerenz (*pro hac vice*)
NATIVE AMERICAN RIGHTS FUND
1514 P Street N.W. (rear), Suite D
Washington, D.C. 20005
Ph. (202) 785-4166
Fax (202) 822-0068
lewerenz@narf.org

*Counsel for all Plaintiffs*

Daniel D. Belcourt (MT Bar No. 3914)
BELCOURT LAW, P.C.
120 Woodworth Avenue
Missoula, MT 59801
Ph. (406) 265-0934
Fax (406) 926-1041
danbelcourt@aol.com

*Counsel for Plaintiff Fort Belknap Indian Community*

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to Local Rule 1.5 and 7.1(d), that the attached brief:

(1) complies with the type-volume limitation of Local Rule 7.1(d)(2) because it contains 1,131 words, excluding the parts of the brief exempted by Local Rule 7.1(d)(2); and

(2) complies with the typeface requirements of Local Rule 1.5 because it has been prepared in a proportionally spaced typeface using Word 2007, in 14-point Times New Roman font.

*/s/ Wesley James Furlong*
Wesley James Furlong

## CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of April, 2019, I electronically filed the **MOTION TO FILE FIRST AMENDED COMPLAINT** and **[PROPOSED] FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** with the Clerk of the Court for the United States District Court for the District of Montana by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                      */s/ Wesley James Furlong*
                                      Wesley James Furlong