Natalie A. Landreth (*pro hac vice*)
Wesley James Furlong (MT Bar No. 42771409)
NATIVE AMERICAN RIGHTS FUND
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Tel. (907) 276-0680
Fax (907) 276-2466
landreth@narf.org
wfurlong@narf.org

Matthew L. Campbell (*pro hac vice*)
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, CO 80302
Tel. (303) 447-8760
Fax (303) 443-7776
mcampbell@narf.org

*Counsel for all Plaintiffs*
*Additional Counsel Listed on Signature Page*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| ROSEBUD SIOUX TRIBE *et al.*, | Case No. 4:18-cv-00118-BMM |
| Plaintiffs, | |
| v. | **MOTION FOR CLARIFICATION** |
| DONALD J. TRUMP *et al.*, | |
| Defendants. | |

Plaintiffs Rosebud Sioux Tribe and Fort Belknap Indian Community move this Court to clarify its Order of October 16, 2020, Doc. 167, in certain respects. Plaintiffs do not by this Motion seek reversal as to the denial of injunctive relief to Plaintiffs. Neither do Plaintiffs here seek reversal of the denial in part of Plaintiffs' motion for summary judgment, nor as to the granting of summary judgment in part to the Federal Defendants and Defendants TC Energy Corp. and TransCanada Keystone Pipeline, L.P., (together, "TransCanada") on Claims Five and Six of the Plaintiffs' First Amended Complaint—those dealing with crossing of mineral estates and the applicability of tribal jurisdiction. By this motion Plaintiffs only seek clarification as to an ambiguity in the October 16 decision.

A court may clarify its order for any reason. *Wahl v. Am. Sec. Ins.* Co., No. C 08-0555 RS, 2010 WL 2867130 (N.D. Ca. July 20, 2010). In general, a request for clarification does not seek to "alter or amend the judgment" or require a "substantive change of mind by the court." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (internal citation, quotation marks omitted). Instead, a motion for clarification "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." *Id.* That is what Plaintiffs ask here, is clarification from the Court about its meaning in one section of the Order so that Plaintiffs know how to proceed.

The Court states as follows in its Order:

> The Court's above determination that the 2019 Permit authorizes only the 1.2-mile border crossing segment makes summary judgment

2

>appropriate in part. Plaintiffs have asserted claims relating to mineral and tribal jurisdiction based on the 1851 Fort Laramie Treaty and the 1855 Lame Bull Treaty. (Doc. 114 at 19–33). Those claims only exten[d] to tribal land that lie[s] well outside the 1.2-mile border crossing segment, and so they are not implicated in this case centered on the 2019 Permit. *See Gros Ventre Tribe v. United States*, 469 F.3d 801, 813 (9th Cir. 2006) ("[T]he United States agreed to protect the Tribes from depredations that occurred only on tribal land.") **The 2019 Permit grants no exemptions to laws governing public land use or tribal land use.** Such laws still apply to the Keystone XL project . . . . The 2019 Permit does not authorize pipeline construction across tribal land, however, and so Plaintiffs' mineral and treaty claims fail. The Court will grant summary judgment **in part** for Federal Defendants and TC energy on those claims, and, therefore, deny summary judgment **in part** for Plaintiffs on those claims.

Doc. 167 at 13-14 (internal footnote omitted, emphasis added). Plaintiffs seek clarification as to what the precise meaning of "in part" is in both places.

There is no doubt that one of Plaintiffs' primary arguments was that the 2019 Permit approved the entire pipeline. *See, e.g.*, Doc. 99 at 10-18. The Court has rejected that argument, but Plaintiffs request that the Court confirm Plaintiffs' reading of the Order as rejecting Claims Five and Six (and the reference to the Treaties), in part, *as holding only that those claims do not serve as a basis for invalidating the 2019 Permit*. Plaintiffs request the Court to clarify that Claims Five and Six, alleging an illegal crossing of mineral estates, a failure to comply with the Tribe's jurisdiction and laws, and the Treaty claims (Claims One, Three, and Four), to the extent implicated in the Order, alleging failure of the United States to fulfill its treaty obligation to protect the Tribes against all depredations, *survive as to those*

3

*parts of the pipeline outside of the 1.2 miles authorized by the 2019 Permit.* If the 2019 Permit did not address the pipeline outside of the 1.2 miles it authorized, the Court's order by necessity must not have intended to opine on the effects of those arguments on the remainder of the pipeline. As the Court's Order plainly says, "[t]he 2019 Permit grants no exemptions to laws governing public land use or *tribal land use. Such laws still apply to the Keystone XL project*[.]" *Id.* at 14 (emphasis added).

Of particular need for clarification is the Court's statement that "[t]he 2019 Permit does not authorize pipeline construction across tribal land, however, and so Plaintiffs' mineral and treaty claims fail." *Id.* This is a very broad statement that can be misconstrued. While the Court has held that the 2019 Permit does not authorize pipeline construction across tribal land, during the summary judgment and injunction briefing earlier this year TransCanada has admitted the pipeline *will* cross tribal and member mineral estates. Plaintiffs have argued that these facts subject TransCanada to tribal jurisdiction, and impose treaty trust obligations on the United States. Plaintiffs seek clarification that these arguments can go forward as to the land outside the 1.2-mile segment.

Therefore, Plaintiffs request clarification that the "in part" language of the Court's October 16 Order leaves Claims Five and Six, and the Treaty claims (Claims One, Three, and Four), unaffected as to the pipeline *outside* the 1.2-mile area covered

by the 2019 Permit. This clarification is necessary so Plaintiffs do not face arguments of *res judicata*, claim preclusion, or law of the case at a later date.

Alternatively, should the Court disagree with Plaintiffs' clarification as set forth herein, Plaintiffs seek clarity as to the Court's ruling for dismissing those claims in their entirety. This is essential so that Plaintiffs know how to proceed going forward in this Court or on appeal.

RESPECTFULLY SUBMITTED this 13th day of November, 2020.

<u>/s/ Natalie A. Landreth</u>
<u>/s/ Wesley James Furlong</u>
Natalie A. Landreth (*pro hac vice*)
Wesley James Furlong (MT Bar No. 42771409)
Matthew L. Campbell (*pro hac vice*)
NATIVE AMERICAN RIGHTS FUND

Daniel D. Lewerenz (*pro hac vice*)
NATIVE AMERICAN RIGHTS FUND
1514 P Street Northwest (rear), Suite D
Washington, D.C. 20005
Tel. (202) 785-4166
Fax (202) 822-0068
lewerenz@narf.org

*Counsel for Plaintiffs Rosebud Sioux Tribe and Fort Belknap Indian Community*

Daniel D. Belcourt (MT Bar No. 3914)
BELCOURT LAW, P.C.
120 Woodworth Avenue
Missoula, MT 59801
Ph. (406) 265-0934
Fax (406) 926-1041
danbelcourt@aol.com

Ronnie M. Flannery (MT Bar No. 5890)
LAW OFFICE OF RONNI M. FLANNERY
936 South 2nd Street West
Missoula, MT 59801
Ph. (406) 214-5700
rflannery@bresnan.net

*Counsel for Plaintiff Fort Belknap Indian Community*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of November 2020, I electronically filed the foregoing **MOTION FOR CLARIFICATION AND MEMORANDUM IN SUPPORT THEREOF** with the Clerk of the Court for the United States District Court for the District of Montana by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                  */s/ Wesley James Furlong*
                                  Wesley James Furlong (MT Bar No. 42771409)
                                  NATIVE AMERICAN RIGHTS FUND