Jeffery J. Oven  
Jeffrey M. Roth  
CROWLEY FLECK PLLP  
490 North 31st Street, Ste. 500  
Billings, MT 59103-2529  
Telephone: 406-252-3441  
Email: joven@crowleyfleck.com  
        jroth@jcrowleyfleck.com  

Peter C. Whitfield  
Joseph R. Guerra  
SIDLEY AUSTIN LLP  
1501 K Street, N.W.  
Washington, DC 20005  
Telephone: 202-736-8000  
Email: pwhitfield@sidley.com  
        jguerra@sidley.com  

*Counsel for TransCanada Keystone Pipeline, LP and TC Energy Corporation*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| ROSEBUD SIOUX TRIBE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants, | CV 18-118-GF-BMM <br><br><br> **TC ENERGY CORPORATION AND TRANSCANADA KEYSTONE PIPELINE, LP'S OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY** |

Defendants TC Energy, Inc. and TransCanada Keystone Pipeline, LP (collectively, "TC Energy") submit this response in opposition to Plaintiffs' Motion for Clarification of this Court's October 16, 2020 Order. The Order granted "summary judgment in part for Federal Defendants and TC Energy on those [Plaintiffs' mineral and treaty] claims" and stated "[w]hat remains of Plaintiffs' Motion for Summary Judgment is their claim based on the U.S. Constitution." Doc. 167 at 13. The Court's October 16 Order was clear and its analysis requires the entry of summary judgment for defendants on *all* of Plaintiff's treaty and mineral claims, except for the constitutional claim on which the Court requested additional briefing.

First, the October 16 Order determined "that the 2019 Permit authorizes only the 1.2-mile border crossing segment" of Keystone XL. Oct. 16 Order (Doc. 167) at 13. There is no tribal land in the 1.2 border segment, so the "2019 Permit does not authorize pipeline construction across tribal land." *Id.* at 14.

Second, the October 16 Order recognized that the United States agreed in the treaties "'to protect the Tribes from depredations that occurred only on tribal land.'" *Id.* at 13-14 (quoting *Gros Ventre Tribe v. United States*, 469 F.3d 801, 813 (9th Cir. 2006)). Because there is no tribal land in the border-crossing segment authorized by the 2019 Permit, the issuance of the 2019 Permit does not violate the treaties.

Third, the October 16 Order correctly recognized that Plaintiffs' claims in this case are "centered on the 2019 Permit." Oct. 16 Order at 13. Plaintiffs' Amended Complaint states that "[t]his case arises from President Donald J. Trump's March 29, 2019 unilateral issuance of a presidential permit to TransCanada Keystone Pipeline, LP, for the construction, connection, operation and maintenance of the Keystone XL Pipeline …." Doc. 58 ¶ 1. And the First, Third, Fourth and Fifth Counts each allege that "the 2019 Permit is *ultra vires*, unlawful, and subject to non-statutory review as to the President," and "violates the APA as to the Agency defendants" because it was issued in violation of the 1851 Treaty of Fort Laramie and the 1855 Lame Bull Treaty. *See* First Amended Complaint ¶¶ 385-86 (First Claim, alleging that the 2019 Permit breached the treaty duty to protect tribes from depredations); ¶¶ 406-07 (Third Claim, alleging that the 2019 Permit breached the treaties by failing to meet the standards set forth in NEPA); ¶¶ 418-19 (Fourth Claim, alleging the 2019 Permit breached the treaties by failing to meet the standards set forth in NHPA); ¶¶ 429-30 (Fifth Claim, alleging the 2019 Permit breached the treaties by violating federal right-of-way and mineral statutes). The determination that issuance of the 2019 Permit does not violate the treaties thus requires the entry of summary judgment for defendants on all of these claims.

Plaintiffs ask the Court to clarify that their treaty "arguments can go forward as to land outside the 1.2 mile segment." Motion for Clarification at 4. But the Amended Complaint does not allege that the President or the agency defendants (the Department of Interior and Secretary Bernhardt) authorized any construction of the Keystone XL Pipeline outside the border segment. In the middle of summary judgment briefing, Plaintiffs sought to amend the complaint to challenge Secretary Bernhardt's decision to grant a right-of-way and temporary use permit for Keystone XL to cross federal land in Montana, but the Court denied that request, so it provides no basis for denying the entry of summary judgment to defendants on the treaty claims in this case. *See* October 16 Order at 14-16.

Finally, there is no basis for Plaintiffs' claim that they may assert tribal jurisdiction over TC Energy or apply their land use laws to Keystone XL. *See* Motion for Clarification at 4 (discussing Claim Six). Although Keystone XL crosses land that was once reserved to the tribes by the treaties, subsequent acts of Congress diminished the reservation and opened the land to private ownership. As a result, the pipeline will not cross either tribe's reservation or any land owned by either tribe. It will be constructed on land outside the reservations where TC Energy has acquired (or will acquire) easements and rights-of-way from private landowners, the states, or the federal government. Defendants are therefore entitled to summary judgment on Count Six as well.

November 25, 2020                                                  Respectfully Submitted,


CROWLEY FLECK PLLP                                   SIDLEY AUSTIN LLP

*/s/ Jeffery J. Oven*                                                */s/ Peter C. Whitfield*
Jeffery J. Oven                                                      Peter C. Whitfield
Jeffrey M. Roth                                                      Joseph R. Guerra
490 North 31st Street, Ste. 500                           1501 K Street, N.W.
Billings, MT 59103-2529                                    Washington, DC 20005
Telephone: 406-252-3441                                  Telephone: 202-736-8000
Email: joven@crowleyfleck.com                       Email: pwhitfield@sidley.com
          jroth@jcrowleyfleck.com                                   jguerra@sidley.com

*Counsel for TransCanada Keystone Pipeline, LP and TC Energy Corporation*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this brief contains 780 words, excluding the caption and certificates of service and compliance.

                                             */s/ Jeffery J. Oven*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served today via the Court's CM/ECF system on all counsel of record.

<u>*/s/ Jeffery J. Oven*</u>